**VANHOOK**

v.

**SOUTHERN OHIO CORRECTIONAL FACILITY.**

Court of Claims of Ohio.

No. 93–08287–AD.

Decided Jan. 21, 1994.

*Robert J. VanHook, pro se.*

*Gregory C. Trout,* Chief Counsel, Department of Rehabilitation and Correction, for defendant.

Daniel R. Borchert, Deputy Clerk.

THE COURT FINDS THAT:

1.  On April 15, 1993, an employee of defendant Southern Ohio Correctional Facility entered the cell of plaintiff, Robert J. VanHook, and removed the plaintiff's property. The property removal was conducted to maintain security during an inmate disturbance in plaintiff's K-cellblock. The disturbance in

plaintiff's cellblock occurred concurrently with an inmate riot and insurrection confined to the L-cellblock of defendant's institution;

2. The plaintiff has alleged his radio was broken either when defendant initially removed the property from his cell or at some subsequent time when defendant exercised control over the radio. Plaintiff has consequently filed this complaint seeking to recover $58, the estimated value of the radio, which plaintiff asserts was totally destroyed as a result of defendant's negligence in handling the property;

3. Defendant has admitted assuming control over the plaintiff's radio due to the "exigent circumstances" specifically in the K-cellblock and generally in the L-cellblock. Defendant has also acknowledged the plaintiff's radio is damaged. However, defendant has asserted the plaintiff cannot show the damage occurred during the time defendant exercised control over the radio. Defendant has also asserted no duty of care was breached when the radio passed under its control. Furthermore, defendant has insisted plaintiff has not proven the nature or extent of property damage sustained.

THE COURT CONCLUDES THAT:

1. Based on the exigent circumstances at defendant's institution, an insurrection in L-block and a disturbance in K-block, defendant owed no duty in respect to the protection of plaintiff's property. Consequently, this claim is denied.

Having considered all the evidence in the claim file and adopting the memorandum decision filed concurrently herewith;

IT IS ORDERED THAT:

1. Plaintiff's claim is denied and judgment is rendered in favor of defendant;

2. The court shall absorb the court costs for this case.

*Judgment for defendant.*